BOARD OF SUPERVISORS OF QUITMAN COUNTY *v.* WM.
STRITZE ET AL.

1. CHANCERY PLEADING. *Bill, good in part. Demurrer.*

   A demurrer extending to the entire bill should be overruled, if the bill
   shows a right to any relief.

2. SAME. *Bill to cancel clouds; good in part. General demurrer.*

   Accordingly, a bill by a county to establish its title to certain lots acquired
   by donation, will not be held bad on a general demurrer, if its right to
   acquire and hold any one of the lots is shown by the bill.

FROM the chancery court of Quitman county.
HON. W. R. TRIGG, Chancellor.

The bill in this case was exhibited by the board of super-
visors of Quitman county against William Stritze and oth-
ers, seeking to cancel their claim to certain lots. The bill
alleges that the board of supervisors desired to locate the
county seat for said county at a convenient place; that one
Phelps, to induce the location at a certain point, donated, by
deed, to the county, as a site for the court-house and jail, one
acre of land, situated in a tract of ten acres owned by him;
that in the deed he conveyed to the county one-half of all
the lots, into which he had divided and platted the remaining
nine acres, giving to the county alternate lots; that the
board, in consideration of such conveyance, located the
county site, and caused a court-house and jail to be erected
on the one-acre lot set apart for that purpose; that William
Stritze and certain other persons named as defendants were
setting up a claim to all the land so conveyed to the county,
and that this cast a cloud upon complainant's title, and pre-
vented it from selling the lots at a fair price. The prayer of
the bill is that the defendants' claim of title may be canceled.

To this bill the defendants demurred, assigning as a ground
that there was no equity on the face of the bill. The court

sustained the demurrer, and dismissed the bill, and complainant has appealed.

*T. J. Williams,* for appellant.

The board of supervisors had a right to locate the county site, and also to receive, for the benefit of the county, a donation of land.    *Odeneal* v. *Barry,* 24 Miss., 9.

If the location was not convenient, the citizens of the county had a right to complain, but no other person can object, either to the location or to the gift of land that induced it.

No counsel for appellee.

COOPER, J., delivered the opinion of the court.

If the demurrer of the defendants had been limited to so much of the bill as seeks relief touching the nine acres of land other than that upon which the court-house and jail are located, the questions sought to be litigated might have been decided.

In the condition of the record, it is unnecessary to decide whether the board may lawfully acquire and hold the said nine acres, or whether, if it may not, it is competent for any one but the state to make the objection to such ownership. It is clear that, as to the one acre upon which the court-house and jail are situated, the power to acquire and own is given by law.    Code 1880, § 2148.

The demurrer is to the whole bill, and should have been overruled.

*Decree reversed, demurrer overruled and defendants given leave to answer within thirty days after the mandate shall have been filed in the court below.*